Filed 3/14/13  P. v. Peterson CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

THE PEOPLE,

     Plaintiff and Respondent,

v.

PHILIP SHERIDAN PETERSON,

     Defendant and Appellant.

A136166

(County of Lake
Super. Ct. No. CR926073)

Defendant appeals from a guilty plea entered in the Superior Court of Lake County.  Defendant had entered guilty pleas to a violation of Vehicle Code section 23153, subdivision (a) (causing bodily injury while driving under the influence of alcohol, Count One of the information, a felony), a violation of Vehicle Code section 20001, subdivision (a) (leaving  the scene of an accident, Count Three, a felony), and Vehicle Code section 14601.2, subdivision (a) (driving with a suspended license after sustaining a DUI conviction, Count Four, a misdemeanor).  He also admitted violating his probation in three other cases.  Appellate counsel has reviewed the file in this case and has determined there are no meritorious issues to raise on appeal.  She has complied with the relevant case authorities.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude that no arguable issues are presented for review, and affirm the judgment.

The information in this case was filed on December 2, 2011. Count One also alleged defendant had suffered a prior conviction for driving under the influence occurring within 10 years of the charged incident.

On May 29, 2012, defendant pled guilty to Counts One, Three and Four. He also admitted violating probation in three other cases. At the sentencing on July 30, 2012, the trial court denied defendant's application for probation. The court sentenced defendant to state prison for a term of three years eight months. This sentence was determined by imposing the upper term of three years on Count One with a consecutive eight months (one-third the midterm of two years) on Count Three.

The aggravated term was imposed because the trial judge found three aggravating factors under California Rules of Court, rule 4.421. The defendant had engaged in prior conduct numerous times resulting in convictions and his behavior was increasingly serious. (Cal. Rules of Court, rule 4.421(b)(2).) He was on probation when this offense took place. (Cal. Rules of Court, rule 4.421(b)(4).) His prior behavior on probation had not been satisfactory. (Cal. Rules of Court, rule 4.421(b)(5).) A factor in mitigation was defendant's decision to enroll in Hilltop Recovery Services, but this was done after this criminal offense. The trial court determined the aggravating factors were more substantial than the factors in mitigation.

The court imposed a consecutive sentence for Count Three because it found the two felonies were independent of each other and had different objectives under California Rules of Court, rule 4.425(a)(1).

Appellant filed a timely notice of appeal on July 31, 2012.

**STATEMENT OF FACTS**

On March 10, 2011, sometime after midnight, defendant was driving a Dodge Ram truck on Lakeshore Boulevard in Nice, the County of Lake. He swerved off the side of the road and lost control of his vehicle. The truck rolled over several times before it crashed into a parked Hyundai at Keeling Park in Nice. This collision damaged both vehicles and caused bodily injury to the occupants of the Hyundai, Lacy Brackett and Daniel Jenkins. Each occupant of the Hyundai required medical attention.

2

Defendant left the scene of the accident on a bicycle. Police determined the Dodge Ram truck was registered to defendant and they went to his residence that night. When confronted at his home, defendant first denied any involvement in an accident. He then admitted his complicity in the event. He also acknowledged he had been drinking before the collision. The police administered several tests to defendant at his home which he failed. A blood test was given to defendant five hours after the accident, which indicated a blood-alcohol reading of 0.09 percent.

## DISCUSSION

After reviewing the record in this case, we find the evidence sufficient to sustain the convictions before us. The trial court did not abuse its discretion with the sentence it imposed. We affirm the judgment.

_____

Dondero, J.

We concur:

_____

Margulies, Acting P. J.

_____

Banke, J.